## Goodie-Bar Ice Cream Co., Inc. v. Brackenridge Borough

*Allen N. Brunwasser*, for plaintiff.

*Frank P. Paz*, for defendant.

VAN DER VOORT, J., June 25, 1963.—The Borough of Brackenridge adopted its ordinance no. 721 on May 15, 1961. The title of the ordinance was as follows:

"AN ORDINANCE OF THE BOROUGH OF BRACKENRIDGE, A L L E G H E N Y COUNTY, PENNSYLVANIA, R E G U L A T I N G THE PEDDLING, SOLICITING OR SALE OF GOODS, WARES AND MERCHANDISE FROM HOUSE TO HOUSE, PROHIBITING THE HAWKING OR PUBLIC OUT CRY THEREOF, AND PROVIDING PENALTIES FOR THE VIOLATION THEREOF."

The major portions of the ordinance provide for the regulation of peddling or selling merchandise from door to door in and upon any of the public highways of the borough. The power granted to every borough to regulate the sale of goods, wares or merchandise within its borders is expressed in section 2910 of the Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §47910. This section grants to boroughs the power to regulate and license ". . . every transient retail business within such borough, for the sale of goods, wares, [and] or merchandise. . .". This court has already held in the case of Goodie-Bar Ice Cream Company, Inc. v. City of Clairton, at October term, 1962, no. 374, that plaintiff in this case, the Goodie-Bar Ice Cream Company, Inc. does not conduct a transient retail business and that the power granted to the City of Clairton to regulate transient merchants is not applicable to plaintiff in this case. The provision of the Borough Code is virtually identical to the provisions of the Third Class City Code and for the same reasons as are set forth in the City of Clairton case, the power granted to regulate businesses does not extend to businesses of the character of the Goodie-Bar Ice Cream

Company. The evidence indicated that the products sold by the Goodie-Bar Ice Cream Company were principally milk products. Section 2910 which authorizes boroughs to regulate transient retail businesses expressly exempts milk and milk products from the provisions of that section.

The balance of the ordinance is either an ordinance adopted pursuant to the power of a borough to enact ordinances defining disorderly conduct within the limits of the borough and providing penalties therefore or one defining "disturbing of the peace within the limits of the borough" under the new section added in May 31, 1961, P. L. 236, to the disorderly conduct section (1202) of the borough code. We must assume that the ordinance is enacted under that part of section 1202 authorizing ordinances defining disorderly conduct, for the reason that the part of that section added in 1961 was not passed by the legislature until May 31, 1961, some 16 days after the ordinance in question was adopted. Inasmuch as disorderly conduct involves a disturbance of the peace, it is doubtful that the application of an ordinance drafted pursuant to the disorderly conduct section of the borough code, i.e., section 1202, would be any different than an ordinance adopted under the disturbing the peace section added in 1961, i.e., amendment to section 1202. Ordinance no. 721, section 3, provides as follows:

"No person shall at any time ring or cause to be rung any bells or horns, hawk or cry out their goods, wares or merchandise, nor commit any kind of public out cry or sound creating by which to attract the attention of the public to their wares. Such hawking or public out cry being considered a public disturbance and contrary to the peace and good will of the community."

Plaintiff complains that under this section the borough authorities are threatening to prevent it from

ringing any bells on its truck as it moves from one place to another in the borough. In section 3 of the ordinance in question, the thing which is made a criminal offense is the ringing of any bells "by which to attract the attention of the public to their wares." Such conduct is defined as being "a public disturbance."

The Supreme Court of Pennsylvania has made it clear that noise accompanying activities which properly form an integral part of the movement of a civilized community is not to be declared a criminal offense under the present provisions for disorderly conduct. In the case of Commonwealth v. Greene, 410 Pa. 111, the court reversed a conviction of Charles C. Greene because of the noise emanating from a go-kart race track operated by Greene. In its opinion, the court said, inter alia, as follows:

"While the action of an accused, in order to be evaluated as disorderly conduct, need not fall precisely within the patterns sketched in the cases just cited, it is clear that what he does or directs must produce loud, boisterous and unseemly noise or disturbance and his actions must be of such a character that the public peace is unjustifiably broken or disturbed, or the traveling public annoyed. The Commonwealth in the case at bar did not, at the oral argument or in its brief, point to one decision in any jurisdiction which would categorize the legal orderly operation of a go-kart race track or anything like it, as disorderly conduct. Nor has our independent research uncovered any such decision." (page 115.)

". . . There is no doubt that there is some unnecessary noise in the average community of today, but the way to reduce excessive babel and cacophony is not by seizing the club or ax of criminal prosecution. Law has provided the means for the abatement of nuisances

and for the suppression of devices inimical to health and dangerous to life and limb." (page 117.)

"The public peace is not broken by any activity which properly forms an integral part of the movement of a civilized community, even though it produces noise and annoys residents. A railroad locomotive, with its bells ringing and whistles shrieking, thundering over a crossing in a central section of the town, shakes the very ground over which it violently passes, causes buildings to vibrate and people in the immediate vicinity to clap hands over ears and nose to keep out the noises and acrid smoke. This mechanical monster certainly annoys the peaceable residents nearby, but it does not break the public peace, because peace is shattered only by acts of belligerency or disorder." (page 118.)

Based upon the decisions in the Pennsylvania courts and the legislative grant of powers to boroughs of the Commonwealth, a borough cannot prevent by ordinances creating criminal penalties the ringing of a bell merely to attract the attention of the public to the wares of a merchant having a fixed place of business even though such merchant sells his wares from a motor vehicle in and along the streets of the borough. It should be made clear that this decision is not to indicate that any bothersome or untoward noise caused by the ringing of bells by merchants such as plaintiff cannot be enjoined in a civil proceeding in proper cases.

The court is not unaware that the ringing of bells by this plaintiff in the residential areas of the municipalities of Allegheny County is no doubt disturbing to the residents thereof, nor is the court unmindful of the fact that the presence of Goodie-Bar Ice Cream Company vehicles in the residential areas of the municipalities of the county after dark affords the opportunity for children to run to the ice cream vendors'

truck and thereby create some hazard to the children of the community. Notwithstanding these undesirable features of the operation of the business of Goodie-Bar Ice Cream Company, the present powers granted to boroughs do not authorize the use of criminal procedures to combat them.

For these reasons, a preliminary injunction will be issued restraining the enforcement of this ordinance against plaintiff.

*Preliminary Injunction*

And now, June 25, 1963, after hearing, defendants Borough of Brackenridge and the mayor of said borough are enjoined and restrained preliminarily from applying or enforcing the provisions of ordinance no. 721 of the Borough of Brackenridge, enacted on May 15, 1961, against plaintiff, Goodie-Bar Ice Cream Company, Inc., its agents, or employes.

This restraining order is a preliminary decree and shall be in full force and effect until a full and complete hearing on the matter shall be held and concluded.